**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

GAYLE ADAIR, ET AL.                          CIVIL ACTION NO. 20-340

VERSUS                                       JUDGE ELIZABETH E. FOOTE

WAL-MART LOUISIANA LLC                       MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is Defendant Wal-Mart Louisiana LLC's ("Wal-Mart") motion for summary judgment. Record Document 14. Plaintiffs, Gayle Adair and Sam Adair, filed suit under Louisiana's Merchant Liability Statute, alleging that Wal-Mart breached its duty to keep its aisles in a reasonably safe condition by leaving a cardboard box in a store aisle. Wal-Mart's motion for summary judgment seeks dismissal, arguing that the undisputed facts demonstrate that the box was an open and obvious condition and that Ms. Adair's own inattention to her surroundings caused the accident. Record Document 14-1 at 5. Plaintiffs argue that the box was not an open and obvious condition. Record Document 16. For the reasons stated herein, Defendant's motion [Record Document 14] is **DENIED**.

## I.    Background

This case stems from a fall which occurred in a Wal-Mart store in Bossier City, Louisiana on December 19, 2018. Record Document 16-2 at 2. On that date, Plaintiffs were in the store shopping when they entered the detergent aisle looking for a stain remover product. Record Document 14-4 at 2-4. While looking at the shelves, Ms. Adair took a step back "more to the middle of the aisle" in an attempt to see the bottom of the shelf. *Id.* at 4. When she stepped back, she collided with a cardboard box on the floor of

1

the aisle, lost her balance, fell over the box, and cut her leg. *Id.* A Wal-Mart employee identified the box as one that employees regularly use to stock shelves with product. Record Document 14-8 at 9. Another employee agreed that the box appeared to be a box used to stock shelves, but added that customers also use the boxes on occasion. Record Document 14-7 at 13-14.

In the aisle where the fall occurred, there is a pole a few feet away from the shelves. Record Document 16-3. The exact location of the box in relation to this pole at the time of the fall is not clear. In photographs taken after the fall, the box is against the shelves on the side of the aisle to the right of the pole. *Id.* at 1. Ms. Adair is photographed on the ground on the left side of the pole. *Id.* at 3. Based on her review of the images taken after the fall and her memory of events, she concluded that "the box had to have been closer to the pole" at the time of the fall. Record Document 16-2 at 8. However, Ms. Adair has no recollection of seeing the box in the aisle prior to the incident and stated that "if [she] did see it [she] didn't pay any attention to it." *Id.* at 4-5. Mr. Adair, who was in the aisle when Ms. Adair fell but did not see the accident occur, also has no recollection of seeing the box prior to the incident. Record Document 14-6 at 2-3.

## II.    Law and Analysis

### A.    Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on

file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the non-movant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings and designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the non-movant is so "weak or tenuous" that it could not support a judgment in the non-movant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the

movant's statement "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." *Id.*

### B.   Louisiana Merchant Liability Statute

Under Louisiana Revised Statute § 9:2800.6(A), "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." Although a grocery store owner has "an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons." *Tanner v. Brookshire Grocery Co.*, 29,276 (La. App. 2 Cir. 4/2/97); 691 So. 2d 871, 873 (citing *Johnson v. Wal-Mart Stores, Inc.*, 616 So. 2d 817, 821 (La. Ct. App. 1993)).

In connection with the duty owed by merchants, Louisiana law also heightens the burden of proof on plaintiffs in slip and fall cases, according to § 9:2800.6(B):

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care . . . .

La. Rev. Stat. § 9:2800.6(B).

Wal-Mart focuses its motion for summary judgment on the first element of the claim, arguing that the box did not create an unreasonable risk of harm because the box

in the aisle was open and obvious and the accident was caused by Ms. Adair's failure to pay attention to her surroundings when she walked backwards. Record Document 14-1 at 5. Plaintiffs contend that summary judgment is inappropriate because there is a dispute of fact as to where the box was located in the aisle, and depending on the box's location, Ms. Adair's view of it may have been obstructed by a pole in the aisle. Record Document 16 at 3. They cite precedent holding that it is reasonable for an individual in a store to be focused on merchandise on shelves and therefore less attentive to where they are walking and argue that material facts remain regarding whether Ms. Adair is comparatively at fault for the accident. *Id.* at 3-6

Wal-Mart is correct that under Louisiana law a condition which is open and obvious does not present an unreasonable risk of harm. *Hays v. Wal-Mart La. LLC*, No. 3:09-CV-01003, 2010 WL 4386828, at *1 (W.D. La. Oct. 28, 2010). The Louisiana Supreme Court has explained that "in order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition." *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 188. "The open and obvious inquiry thus focuses on the global knowledge of everyone who encounters the defective thing or dangerous condition, not the victim's actual or potentially ascertainable knowledge." *Id.*

Courts have previously found that a box or pallet in an aisle is an open and obvious condition at the summary judgment stage when undisputed facts demonstrate that the object was "plainly visible" within the aisle. *Hays*, 2010 WL 4386828, at *2; *Taylor v. Wal-Mart Stores, Inc.*, No. CIV.A. 05-1346-A, 2006 WL 1476031, at *2 (W.D. La. May 23, 2006) (a pallet stacked with merchandise as high as the plaintiff's waist was plainly visible).

Conversely, courts have denied summary judgment when there are facts from which a reasonable jury could conclude that an item in an aisle was not an open and obvious risk. *E.g., Seiss v. Lowe's Home Ctrs., Inc.*, No. CIV.A. 11-1778, 2013 WL 588769, at *3 (W.D. La. Feb. 13, 2013) (denying summary judgment when there was a dispute as to whether plaintiff saw the boxes in an aisle before falling and the boxes were between twenty and twenty-eight inches tall); *Terry v. Target Corp. of Minn.*, No. 10-CV-01666, 2012 WL 12930770, at *5 (W.D. La. Apr. 11, 2012) (denying summary judgment when there was a dispute as to whether the pallet which caused the plaintiff's fall contained furniture at eye level height). In *Morris v. Home Depot, U.S.A.*, Inc., for example, a court denied summary judgment because it could not say "as a matter of law that the placement of a single-box of merchandise on the floor did not create an unreasonably dangerous tripping hazard" when there was a dispute over whether a different stack of boxes "obscured the single box of merchandise on the other side of the pole." *Morris v. Home Depot, U.S.A., Inc.*, No. CIV.A. 12-1700, 2013 WL 4508175, at *4 (E.D. La. Aug. 22, 2013).

In this case, there are material facts which preclude the Court from holding, as a matter of law, that the box constituted an open and obvious risk. First, the location of the box at the time of the fall is in dispute. Wal-Mart maintains that the box was against the shelf on the edge of the aisle prior to and after the fall and that it was therefore visible to anyone walking in the aisle. Plaintiffs dispute this, pointing to Ms. Adair's deposition testimony that, while she could not remember where the box was before the fall, her memory of events led her to conclude that the box must have been closer to the pole at the time of the fall. They also point to images showing that after the fall, Ms. Adair was in

the center of the aisle on the left side of the pole while the box was to the right of the pole. Combined, this is sufficient to create a genuine issue of fact regarding the location of the box when the fall occurred. This fact is material because if the pole was in fact obstructing the box, then the box may not have been an open and obvious risk that would be apparent to all shoppers. *Morris*, 2013 WL 4508175, at *4.

The size of the box also creates a genuine issue of material fact as to whether the risk was open and obvious. Pictures of the box show that it rises no higher than the middle of a person's calf. Record Document 16-3 at 1. Thus, it is much smaller than the waist height objects courts have previously found to be plainly visible and more akin to the height of the twenty to twenty-eight inch tall boxes that were sufficient to create a genuine issue of fact in *Seiss v. Lowe's Home Centers, Inc. Seiss*, 2013 WL 588769, at *3.

That Ms. Adair backed into the box is also not outcome determinative because "[t]he degree to which a danger may be observed by a potential victim is [only] one factor in the determination of whether a condition is unreasonably dangerous." *Morris*, 2013 WL 4508175, at *3 (quoting *Hutchinson v. Knights of Columbus, Council No. 5747*, 2003-1533 (La. 2/20/04); 866 So. 2d 228, 234). Further, the Louisiana Supreme Court has previously held that "the duty [of a shopper] to keep a proper lookout is diminished when shelved merchandise distracts a shopper," like Ms. Adair claims occurred in this case. *Perez v. Wal-Mart Stores, Inc.*, 608 So. 2d 1006, 1008 (La. 1992). In sum, the Court finds that from the facts presented thus far, a reasonable jury could conclude that the box was not an open and obvious risk and that it created an unreasonable risk of harm. Summary judgment on these grounds is therefore **DENIED**.

While Wal-Mart focuses its motion almost exclusively on whether the box was an open and obvious condition, it also states that Plaintiffs "presented no evidence of who put the box on the floor, how long it had been there prior to the accident, or that anyone from Wal-Mart knew it was on the floor." Record Document 14-1 at 5. Despite the minimal attention paid to this issue by Wal-Mart, the Court will address whether Plaintiffs have created a genuine dispute of fact as to whether Wal-Mart created or knew of the risk before Ms. Adair's fall because the failure to establish this element would defeat Plaintiffs' claims.

Plaintiffs point to testimony by Wal-Mart store manager Brian Kleeb that the box was "most likely" left in the aisle by a Wal-Mart employee. Record Documents 16 at 9 and 16-4 at 3. Wal-Mart argues that this testimony is insufficient to show that Wal-Mart created the risk because Mr. Kleeb was not at the store at the time of the accident and therefore could not have known who left the box there. Record Documents 16-4 at 3 and 17 at 5. The Court finds that this testimony, combined with Kleeb's testimony that employees are actively stocking shelves during the time of day that the accident occurred, and testimony from another Wal-Mart employee that the box is a "box that we use to get items to the sales floor with to stock during stocking" is sufficient circumstantial evidence to create a genuine issue of fact. Record Documents 14-8 at 9 and 16-4 at 3. Because there is a genuine issue of fact as to whether Wal-Mart created the condition, summary judgment on these grounds is **DENIED**.

## III.   Conclusion

For the reasons stated herein, Defendant's motion for summary judgment [Record Document 14] is **DENIED**.

**THUS DONE AND SIGNED** this 2nd day of August, 2021.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE